UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JASON REYES,

                                              Plaintiff,                    **ANSWER**

                    -against-                                               CV 07 6349
                                                                            (PC)
THE CITY OF NEW YORK, COMMISSIONER MARTIN
F. HORN, NEW YORK CITY DEPARTMENT OF                                        ECF Case
CORRECTION, WARDEN FIDEL GONZALEZ,
NORTHERN INFIRMARY COMMAND, WARDEN
LIONEL LORQUET, MANHATTAN DETENTION
COMPLEX, WARDEN FRANK SQUILLANTE, ERIC M,
TAYLOR CENTER, PRISON HEALTH SERVICES, INC.,
MEDICAL DIRECTOR TREVOR PARKS, PRISON
HEALTH SERVICES, INC., PROGRAM DIRECTOR
REBECCA PINNEY, DEPARTMENT OF HEALTH AND
MENTAL HYGIENE MEDICAL DIRECTOR DOCTOR
BENJAMIN OKONTA, JOHN DOE CAPTAIN Shield
#570, JOHN DOE CORRECTION OFFICER Shield
#12574, JOHN DOE ##1-15;

                                              Defendants.

----------------------------------------------------------------x


            Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the

City of New York, for their Answer to the Complaint, respectfully alleges as follows:

            1.    Deny the allegations set forth in Paragraph "1" of the "Preliminary

Statement" in the Complaint, except admit that plaintiff purports to proceed as stated

therein.

            2.    Deny the allegations set forth in Paragraph "2" of the Complaint.

            3.    Defendants deny the allegations set forth in Paragraph "3" of the

Complaint, except admit that plaintiff purports to seek monetary damages, an award of

costs and attorneys' fees and any such relief as the Court deems just and proper, as stated therein.

4.   Deny the allegations set forth in Paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein and respectfully refer the Court to the statutory provisions referred to therein for a complete and accurate statement of their contents.

5.   Deny the allegations set forth in Paragraph "5" of the Complaint.

6.   Deny the allegations set forth in Paragraph "6" of the Complaint, except admit that plaintiff purports to lay venue in this Court as stated therein and refer the Court to the statutory provision cited therein for a complete and accurate statement of its contents.

7.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence Paragraph "7" of the Complaint, except admit that plaintiff purports to proceed as set forth therein, except admit that plaintiff was in the custody of the New York City Department of Corrections as a pretrial detainee and as a sentenced inmate in 2006.

8.   Admit the allegations set forth in Paragraph 8 of the Complaint.

9.   Deny the allegations set forth in Paragraph "9" of the Complaint, except admit that Commissioner Horn was the Commissioner of the New York City Department of Corrections and respectfully refer the Court to §556(d)(8) of the New York City Charter which specifically sets forth the duties and responsibilities of the Commissioner of the Department of Corrections, except admit that plaintiff purports to proceed as described therein.

10.    Deny the allegations set forth in Paragraph "10" of the Complaint, except admit that medical care to inmates in DOC custody is provided by Prison Health Services pursuant to a contract with DOHMH and is overseen by Correctional Health Services at DOHMH in all New York City Jails except for the Vernon C. Baines Center or for inmates who are patients admitted to acute care hospitals.

11.    Deny the allegations set forth in Paragraph "11" of the Complaint, except admit that Dr. Benjamin Okonta was an employee of Correctional Health Services until March of 2006 and that Louise Cohen was the Deputy Commissioner and employee of DOHMH.

12.    Deny the allegations set forth in Paragraph "12" of the Complaint, except admit that Defendant Trevor Parks and Defendant Rebecca Pinney were employees of PHS and admit that Defendant Parks was a policy maker with respect to medical treatment provided to the DOC under its contract.

13.    Deny the allegations set forth in Paragraph "13" of the Complaint, except admit that Fidel Gonzalez was the Warden of the North Infirmary Command (NIC) and that plaintiff purports to proceed as described therein.

14.    Deny the allegations set forth in Paragraph "14" of the Complaint, except admit that Lionel Lorquet was the Warden of the Manhattan Detention Complex (MDC) and that plaintiff purports to proceed as described therein.

15.    Deny the allegations set forth in Paragraph "15" of the Complaint, except admit that Frank Squillante was the Warden of the Eric M. Taylor Center (EMTC) and that plaintiff purports to proceed as described therein.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

17. Deny the allegations set forth in Paragraph "17" of the Complaint.

18. Deny the allegations set forth in Paragraph "18" of the Complaint, except admit that plaintiff filed a written notice of claim with the New York City Office of the Comptroller and that over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

19. Deny the allegations set forth in Paragraph "19" of the Complaint to the extent that they call for a legal conclusion, do not require an admission or denial, but to the extent a response is required, defendants deny the allegations and respectfully refer the Court to the relevant law.

20. Deny the allegations set forth in Paragraph "20", except admit that plaintiff filed a grievance with the DOC Inmate Grievance Resolution Program (IGRP) and was told it was not grievable with the DOC IGRP.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint, except admit that plaintiff has been diagnosed with reflex sympathetic dystrophy.

22. Deny the allegations set forth in Paragraph "22" of the Complaint, but affirmatively state that plaintiff was in the custody of the City of New York DOC from on or about February 10, 2006 until June 9, 2006.

23. Deny the allegations set forth in the Paragraph "23" of the Complaint of the and affirmatively allege that plaintiff was repeatedly provided medical

- 4 -

treatment throughout his incarceration while in the Custody of the New York City Department of Corrections and respectfully refer the Court to plaintiff's medical records annexed hereto as Exhibit A.

24.    Deny the allegations set forth in Paragraph "24" of the Complaint.

25.    Deny the allegations set forth in Paragraph "25" of the Complaint.

26.    In response to the allegations set forth in Paragraph "26" of the Complaint, defendants repeat and reallege the responses set forth in Paragraphs "1" through "26" inclusive of their answer, as if fully set forth herein.

27.    Deny the allegations set forth in Paragraph "27" of the Complaint, to the extent that they call for a legal conclusion, do not require an admission or denial, but to the extent a response is required, defendants deny the allegations and respectfully refer the Court to the relevant law

28.    Deny the allegations set forth in Paragraph "28" of the Complaint.

29.    In response to the allegations set forth in Paragraph "29" of the Complaint, defendants repeat and reallege the responses set forth in Paragraphs "1" through "29" inclusive of their answer, as if fully set forth herein.

30.    Deny the allegations set forth in Paragraph "30" of the Complaint.

31.    Deny the allegations set forth in Paragraph "31" of the Complaint.

32.    Deny the allegations set forth in Paragraph "32" of the Complaint.

33.    Deny the allegations set forth in Paragraph "33" of the Complaint.

34.    Deny the allegations set forth in Paragraph "34" of the Complaint.

35.    Deny the allegations set forth in Paragraph "35" of the Complaint.

36.    Deny the allegations set forth in Paragraph "36" of the Complaint.

37.    Deny the allegations set forth in Paragraph "37" of the Complaint.

38.    In response to the allegations set forth in Paragraph "38" of the Complaint, defendants repeat and reallege the responses set forth in Paragraphs "1" through "38" inclusive of their answer, as if fully set forth herein.

39.    Deny the allegations set forth in Paragraph "39" of the Complaint.

40.    Deny the allegations set forth in Paragraph "40" of the Complaint.

41.    Deny the allegations set forth in Paragraph "41" of the Complaint.

42.    Deny the allegations set forth in Paragraph "42" of the Complaint.

43.    Deny the allegations set forth in Paragraph "43" of the Complaint.

44.    Deny the allegations set forth in Paragraph "44" of the Complaint.

45.    In response to the allegations set forth in Paragraph "45" of the Complaint, defendants repeat and reallege the responses set forth in Paragraphs "1" through "45" inclusive of their answer, as if fully set forth herein.

46.    Deny the allegations set forth in Paragraph "46" of the Complaint.

47.    Deny the allegations set forth in Paragraph "47" of the Complaint.

48.    Deny the allegations set forth in Paragraph "48" of the Complaint.

49.    In response to the allegations set forth in Paragraph "49" of the Complaint, defendants repeat and reallege the responses set forth in Paragraphs "1" through "49" inclusive of their answer, as if fully set forth herein.

50.    Deny the allegations set forth in Paragraph "50" of the Complaint to the extent that they call for a legal conclusion, do not require an admission or denial, but to the extent a response is required, defendants deny the allegations and respectfully refer the Court to the relevant law.

51.     Deny the allegations set forth in Paragraph "51" of the Complaint.

52.     Deny the allegations set forth in Paragraph "52" of the Complaint.

53.     Deny the allegations set forth in Paragraph "53" of the Complaint.

54.     In response to the allegations set forth in Paragraph "54" of the Complaint, defendants repeat and reallege the responses set forth in Paragraphs "1" through "54" inclusive of their answer, as if fully set forth herein.

55.     Deny the allegations as set forth in Paragraph "55" of the Complaint, except admit that defendant City of New York entered into a stipulation of settlement in *Eric Vega et al., v. Allyn Sielaff, et al.*, 82 Civ. 6475 and respectfully refer the Court to the settlement in *Eric Vega et al., v. Allyn Sielaff, et al.*, 82 Civ. 6475 for an accurate description of its requirements.

56.     Deny the allegations as set forth in Paragraph "56" of the Complaint, and respectfully refer the Court to the settlement in *Eric Vega et al., v. Allyn Sielaff, et al.*, 82 Civ. 6475 for an accurate description of its requirements.

57.     Deny the allegations as set forth in Paragraph "57" of the Complaint, and respectfully refer the Court to the settlement in *Eric Vega et al., v. Allyn Sielaff, et al.*, 82 Civ. 6475 for an accurate description of its requirements.

58.     Deny the allegations set forth in Paragraph "58" of the Complaint and affirmatively allege that plaintiff was in DOC custody for approximately four months.

59.     Deny the allegations set forth in Paragraph "59" of the Complaint.

60.    In response to the allegations set forth in Paragraph "60" of the Complaint, defendants repeat and reallege the responses set forth in Paragraphs "1" through "60" inclusive of their answer, as if fully set forth herein.

61.    Deny the allegations set forth in Paragraph "61" of the Complaint.

62.    Deny the allegations set forth in Paragraph "62" of the Complaint.

63.    In response to the allegations set forth in Paragraph "63" of the Complaint, defendants repeat and reallege the responses set forth in Paragraphs "1" through "63" inclusive of their answer, as if fully set forth herein.

64.    Deny the allegations set forth in Paragraph "64" of the Complaint.

65.    Deny the allegations set forth in Paragraph "65" of the Complaint.

66.    Deny the allegations set forth in Paragraph "66" of the Complaint.

67.    Deny the allegations set forth in Paragraph "67" of the Complaint.

68.    In response to the allegations set forth in Paragraph "68" of the Complaint, defendants repeat and reallege the responses set forth in Paragraphs "1" through "68" inclusive of their answer, as if fully set forth herein

69.    Deny the allegations as set forth in Paragraph "69" of the Complaint.

70.    Deny the allegations as set forth in Paragraph "70" of the Complaint.

71.    Deny the allegations as set forth in Paragraph "71" of the Complaint.

72.    Deny the allegations set forth in Paragraph "72" of the Complaint.

73.     In response to the allegations set forth in Paragraph "73" of the Complaint, defendants repeat and reallege the responses set forth in Paragraphs "1" through "73" inclusive of their answer, as if fully set forth herein.

74.     Deny the allegations set forth in Paragraph "74" of the Complaint.

75.     Deny the allegations set forth in Paragraph "75" of the Complaint.

76.     Deny the allegations set forth in Paragraph "76" of the Complaint.

77.     Deny the allegations set forth in Paragraph "77" of the Complaint.

78.     Deny the allegations set forth in Paragraph "78" of the Complaint.

79.     Deny the allegations set forth in Paragraph "79" of the Complaint.

80.     Deny the allegations set forth in Paragraph "80" of the Complaint.

81.     In response to the allegations set forth in Paragraph "81" of the Complaint, defendants repeat and reallege the responses set forth in Paragraphs "1" through "81" inclusive of their answer, as if fully set forth herein.

82.     Deny the allegations set forth in Paragraph "82" of the Complaint.

83.     Deny the allegations set forth in Paragraph "83" of the Complaint.

84.     Deny the allegations set forth in Paragraph "84" of the Complaint.

85.     Deny the allegations set forth in Paragraph "85" of the Complaint.

86.     Defendants deny that plaintiff is entitled to the relief request set forth in plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

### FOR A FIRST DEFENSE:

87.     The Complaint fails to state a claim upon which relief can be granted.

**FOR A SECOND DEFENSE:**

88.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**FOR A THIRD DEFENSE:**

89.    At all times relevant to the acts alleged in the Complaint, defendants acted reasonably, properly, lawfully and in good faith.

**FOR A FOURTH DEFENSE:**

90.    The individually named municipal defendants are immune under the doctrine of qualified immunity.

**FOR A FIFTH DEFENSE**

91.    Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e).

**WHEREFORE**, defendants request judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              November 26, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-185
New York, New York 10007
(212) 788-0408

By:  _____
     DEBORAH A. DORFMAN
     Assistant Corporation Counsel

## DECLARATION OF SERVICE

**DEBORAH A. DORFMAN**, under penalty of perjury, declares pursuant to 28 U.S.C. §1746 that, on November 26, 2007, I caused a true and correct copy of the annexed Answer and Exhibit A, attached thereto, to be served by mail  and e-mail on Leo Glickman, Esq., attorney for plaintiff, at Stoll, Glickman, & Bellina, L.L.P. 71 Nevins Street, Brooklyn, New York, 11217, the address designated by him for that purpose.

Dated:          New York, New York
                November 26, 2007

By:     _____
        Deborah A. Dorfman
        Assistant Corporation Counsel