```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 2 0 2007
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

JASON REYES,

                                Plaintiff,

        -against-

THE CITY OF NEW YORK, et al.,

                                Defendants.

------------------------------------------------------------ x

07 CIV. 6349 (PAC)

CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING
ORDER

      The Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1. All parties **do not** consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636 (c).

2. The case is to be tried to a **jury**.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or join parties shall be filed within **30** days from the date of this Order. If Defendants' motion for a stay of discovery is granted then time for parties to amend pleadings or join additional parties is stayed until the stay of discovery lifted.

4. Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than **14** days from the date of this Order. If Defendants' motion for a stay of discovery is granted then initial disclosures shall be completed not later than **14** days from the date the stay is lifted.

5. All fact discovery shall be completed no later than **120** days from the date of this Order. If Defendants' motion for a stay of discovery is granted then initial disclosures shall be completed not later than **120** days from the date the stay is lifted.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local rules of the Southern District of New York. The following interim deadlines may be extended by written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of documents to be served by **21** days from the entry of this Order. If Defendants' motion for a stay of discovery is granted then initial disclosures shall be completed not later than **21** days from the date the stay is lifted.

    b. Interrogatories to be served **21** days from the entry of this Order. If Defendants' motion for a stay of discovery is granted then initial disclosures shall be completed not later than **21** days from the date the stay is lifted.

    c. Depositions to be completed by **14** days before the close of discovery.

    d. Requests to Admit to be served no later than **45** days prior to the close of discovery.

7.   a. All <u>expert</u> discovery shall be completed no later than **45** days from the date of completion of all fact discovery as described above in paragraph 5.

    b. No later than thirty (30) days <u>prior to</u> the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff's expert reports shall be due before those of defendants' experts; and (ii) all expert discovery shall be completed by the dated set forth in paragraph 7(a).

8.   All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.

9.   All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.   a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

       • **The exchange of medical records releases; and**
       • **The exchange of medical records**

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) the retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

       • **A settlement conference before a Magistrate Judge**

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the cases (e.g., within the next sixty days, after the deposition of plaintiff is complete (specify date); after close of fact discovery):

- **after the close of expert discovery**

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the premotion conference is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: **seven (7) days**.

13.

Assuming that the Court determines the case schedule and enters such an order on December 13, 2007 and depending upon the Court's decision in regards to Defendants' motion to stay discovery, the Civil Case Management due dates are as follows:

| Civil Case Management Plan Requirement | |
|---|---|
| Motion to amend or to join additional parties to be filed no later than: | **January 15, 2008** |
| Initial Disclosure pursuant to Rule 26(a)(1), Fed. R. Civ. P. to be served no later than | **December 27, 2008** |
| All fact discovery to completed no later than: | **April 11, 2008** |
| Discovery-initial requests for production of documents to be served no later than: | **January 3, 2008** |
| Discovery-interrogatories to be served no later than: | **January 3, 2008** |
| Discovery-depositions to be completed no later than: | **March 28, 2008** |
| Discovery-requests to admit to be served no later than: | **February 26, 2008** |
| All expert discovery to be completed no later than: | **May 19, 2008** |
| Parties to meet and confer on schedule for expert disclosure no later than: | **April 18, 2008** |
| All counsel to meet face-to-face to discuss settlement no later than: | **April 25, 2008** |
| Date recommended by counsel for alternate dispute resolution: | **May 20, 2008** |

TO BE COMPLETED BY THE COURT:

14. The next Case Management is scheduled for _February 26, 2007 @ 2 PM_

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made less than two (2) days prior to the expiration of the date sought to be extended.

_Paul Crotty_
Paul A. Crotty
United States District Judge

Dated: New York, New York
_December 19, 2007_